**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30022 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00064-SEH-1 |
| v. | |
| WALLACE JOHN BEAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted November 2, 2009[**]
Portland, Oregon

Before: FISHER and PAEZ, Circuit Judges, and MOSKOWITZ, District Judge.[***]

Wallace John Bear ("Bear") appeals a life sentence imposed following his

guilty plea to second degree murder in violation of 18 U.S.C. §§ 1111 and 1153(a).

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Bear argues that in requesting the district court to impose a life sentence, the government breached the parties' written plea agreement. We disagree.

In the plea agreement, Bear and the government agreed that "[t]he United States and the Defendant reserve all right, without condition, to make any appropriate sentencing recommendation." Because the terms of the plea agreement were unambiguous and imposed no limitation on the government's sentence recommendation, the government did not breach the plea agreement when it argued for a life sentence.

We also reject Bear's argument that the government's sentencing recommendation rendered its promise to request a Sentencing Guidelines point reduction illusory. Before imposing sentence, the district court, as required, calculated the applicable Sentencing Guidelines range, which included downward adjustments for Bear's acceptance of responsibility and early plea as requested by the government. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (noting that the starting point for determining an appropriate sentence is to calculate the applicable Sentencing Guideline range).

Finally, Bear argues that his life sentence is unreasonable. A sentencing judge is in a superior position to make factual determinations and evaluate their import under 18 U.S.C. § 3553(a), *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009) (quoting *United States v. Cherer*, 513 F.3d 1150, 1160 (9th Cir. 2008)), and only a procedurally erroneous or substantively unreasonable sentence will be set aside. *See Carty*, 520 F.3d at 993. Here, the district court adequately considered the sentencing factors in 18 U.S.C. § 3553(a) and explained its reasons for imposing the statutory maximum sentence of life in prison. *Id.* The district court did not abuse its discretion, and the sentence is not unreasonable. *See id.*; *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**